IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHINA INDUSTRIES (USA), INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 6734 |
| | ) | |
| NEW HOLLAND TIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On November 29, 2005, plaintiff China Industries (USA), Inc., ("China Industries") invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, filed a one-count complaint alleging breach of contract against defendant New Holland Tire, Inc. ("New Holland"). (Dkt. No. 1). New Holland filed a pending motion on January 27, 2006 to dismiss the complaint for lack of personal jurisdiction and improper venue pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure ("Rules") and 28 U.S.C. § 1406, or in the alternative to transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404. (Dkt. No. 8). New Holland also filed a motion on April 4, 2006 to strike affidavits filed by China Industries. (Dkt. No. 19). For the reasons set forth below, this court grants New Holland's pending motion to the extent that it seeks transfer of the case to the Eastern District of Pennsylvania.

BACKGROUND

According to the complaint, New Holland, through its general manager Stephen Boner, ("Boner") made a contract with China Industries requesting China Industries to locate tires at

low prices for the benefit of New Holland. (Dkt. No. 1 at ¶ 5). The parties negotiated the contract terms between their respective offices, China Industries in Illinois and New Holland in Pennsylvania, over a several month period. (*Id.* at ¶ 7). Jane Wang signed the contract on behalf of China Industries on August 31, 2004 in Illinois and mailed the partially executed copy to New Holland in Pennsylvania. (*Id.* at ¶ 8). New Holland then signed the contract and faxed an executed copy to China Industries in Illinois. (*Id.* at ¶ 9). China Industries alleges that it has been fulfilling its promises under the contract by shipping tires and tire related products to New Holland as required under the contract. (*Id.* at ¶¶ 17, 21). The tires and tire related products and produced in, and shipped to, jurisdictions other than Illinois, Pennsylvania or Utah. China Industries argues that New Holland has accepted these shipments and has paid a portion of the invoices. (*Id.* at ¶¶ 18, 19, 21, 22). New Holland has allegedly not paid the full balance owed and China Industries argues that it is owed $294,102.00. (*Id.* at ¶ 24). China Industries seeks the $294,102.00 plus applicable interest, costs and attorney's fees.

## LEGAL STANDARDS

A. Personal Jurisdiction

China Industries, as the plaintiff, bears the burden of demonstrating the existence of personal jurisdiction over New Holland. *Cent. States S.E. and S.W. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d. 870, 875 (7th Cir. 2006) (citing *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998)); *see e.g.*, *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004); *Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). China Industries "need only make a *prima facie* showing that jurisdiction over [New Holland] is proper." *Budget Rent a Car Corp.*

2

*v. Crescent Ace Hardware*, No. 03 C 930, 2003 WL 21673932, at *2 (N.D. Ill. July 16, 2003) (citing *Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724-25 (7th Cir. 1994)); *see e.g., Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (quoted in *Cent. States S.E. and S.W. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d. 870, 876-77 (7th Cir. 2006) ("When the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing ... the plaintiff 'need only make out a *prima facie* case of personal jurisdiction."))). "The court may receive and consider affidavits from both parties" on the question of jurisdiction, *Interlease Aviation Investors II v. Vanguard Airlines, Inc.*, 254 F. Supp. 2d 1028, 1031 (N.D. Ill. 2003) (citing *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 208 F. Supp. 2d 918, 922 (N.D. Ill. 2002)); *see, e.g., GMAC Real Estate, LLC v. Canyonside Realty, Inc.*, No. 05 C 572, 2005 WL 1463498, at *2 (N.D. Ill. Jun. 15, 2005), and "must resolve all factual disputes in the plaintiff's favor and accept as true all uncontroverted allegations made by both plaintiffs and defendants." *Softee Mfg., LLC v. Mazner*, No. 03 C 3367, 2003 WL 23521295, at *2 (N.D. Ill. Dec. 18, 2003) (citing *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988); *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); *Allman v. McGann*, No. 02 C 7442, 2003 WL 1811531, at *2 (N.D. Ill. Apr. 4, 2003)).

B. Improper Venue

"When a defendant challenges venue under Rule 12(b)(3) [and 28 U.S.C. § 1406], it is the plaintiff's burden to establish that venue is proper." *Faur v. Sirius Intern. Ins. Corp.*, 391 F. Supp. 2d 650, 657 (N.D. Ill. 2005) (citing *First Health Group, Corp. v. Sanderson Farms, Inc.*,

No. 99 C 2926, 2000 WL 139474, at *2 (N.D. Ill. Jan. 28, 2000)). Any factual conflicts are resolved in the plaintiff's favor. *Spank! Music and Sound Design, Inc. v. J. Hanke*, No. 04 C 6760, 2005 WL 300390, at * 4 (N.D. Ill. Feb. 7, 2005). "In a venue analysis, a court may examine facts outside the complaint in order to determine whether venue is proper." *Faur*, 391 F. Supp. 2d at 657 (citing *First Health Group, Corp.*, No. 99 C 2926, 2000 WL 139474, at *2).

C.  Transfer of Venue

"The task of weighing factors for and against transfer 'involves a large degree of subtlety and latitude' and it is a decision within the discretion of the trial judge." *Hyman v. Hill & Assoc.*, No. C. 6486, 2006 WL 328260, at *2 (N.D. Ill. Feb. 9, 2006) (quoting *Pepsico, Inc. v. Marion Pepsi-Cola Bottling Co.*, No. 99 C 3939, 2000 WL 263973, at *7 (N.D. Ill. Mar. 6, 2000)). "When deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence from the defendant." *Andrade v. Chase Home Fin., LLC*, No. 04 C 8229, 2005 WL 3436400, at *2 (N.D. Ill. Dec. 12, 2005) (citing *Heil Co. v. Curotto Can Co.*, No. 02 C 782, 2004 WL 725737, at *1 (N.D. Ill. Mar. 30, 2004); *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 900 (N.D. Ill. 2001)). "Simply because transfer of venue is possible, however, does not mean that it is warranted." *True Value. Co. v. Ste. Lucie Rentals, Inc.*, No. 05 C 3035, 2005 WL 2848342, at *1 (N.D. Ill. Oct. 27, 2005)).

ANALYSIS

A.  New Holland's Motion to Strike Portions of China Industries' Affidavits

China Industries provided affidavits from Steve Boner, Doug Ginder ("Ginder"), Jane Wang, Ryan Wang and Elaine Chen in support of its response to New Holland's pending motion.

On April 4, 2006, New Holland filed a pending motion to strike the portions of Boner, Ginder and Ryan Wang's affidavits arguing that the challenged testimony presented in the affidavits is inadmissible under the Federal Rules of Evidence. (Dkt. No. 19). New Holland argues that Boner and Ginder do not have personal knowledge of the sales information set forth in their affidavits and that Ryan Wang's affidavit includes impermissible hearsay evidence. The court rejects New Holland's argument as to the sales information set forth in Boner and Ginder's affidavits. Boner and Ginder state that they work in sales portion of the tire business, Boner worked for New Holland and Ginder for China Industries. In his position as General Manager, Boner would have had access to New Holland's prior sales information and therefore he has personal knowledge sufficient to make the statements set forth in his affidavit. Ginder would also have information about New Holland sales as Ginder would know about sales by another company in the industry based on an understanding of the general sales practices in the industry. New Holland is correct that Ryan Wang's affidavit does include hearsay information and to the extent that this information is impermissible it is stricken from the court's consideration of the pending motion to dismiss or transfer.

B. Personal Jurisdiction

"A federal district court in Illinois has personal jurisdiction over a party involved in a diversity action only if Illinois courts would have personal jurisdiction." *Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). "An Illinois state court has personal jurisdiction when the Illinois long-arm statute, the Illinois state constitution and the due process clause of the federal constitution authorize it." *Joy v. Hay Group, Inc.*, No. 02 C 4989, 2003 WL 22118930, at *3 (N.D. Ill. Sept. 11, 2003) (citing *Cent. States, S.E. and*

*S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000); *Quantum Color Graphics, LLC v. Fan Ass'n Event Photo GmhH*, 185 F. Supp. 2d 897, 902 (N.D. Ill. 2002); *Jones v. Sabis Educ. Sys., Inc.*, 52 F. Supp. 2d 868, 883 (N.D. Ill. 1999)).

The "Illinois long-arm statute authorizes personal jurisdiction to the constitutional limits," so the analysis of the Illinois long-arm statute collapses into the constitutional analysis. *Mitchell v. Shiffermiller*, No. 03 C 4794, 2004 WL 178188, at *2 (N.D. Ill. Jan. 14, 2004) (citations omitted); *see* 735 ILCS 5/2-209(c) (proving the long-arm statute to assert jurisdiction to the constitutional limit). Furthermore, although the Illinois Supreme Court has made clear to note that the Illinois constitutional due process requirement is distinct from the federal requirement, *see Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990), "the Seventh Circuit has suggested that since there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction ... the two constitutional analysis blend together." *GMAC Real Estate, LLC v. Canyonside Realty, Inc.*, No. 05 C 572, 2005 WL 1463498, at *3 (N.D. Ill. Jun. 15, 2005) (citing *Wasendorf v. DBH Brokerhaus AG*, No. 04 C 1904, 2004 WL 2872763, at *2 (N.D. Ill. Dec. 13, 2004); *One Point Solutions, Inc. v. Webb et al.*, No. 04 C 3850, slip op. at 4-5 (N.D. Ill. Jan. 5, 2005) (internal citations omitted)).

Personal jurisdiction under the federal due process clause requires that "the defendants must have minimum contacts with the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted)). Minimum contacts sufficient to support the exercise of personal jurisdiction is established when the defendants' contacts with the forum demonstrate that the

"defendants purposefully avail themselves of the privileges of conducting activities within the forum state," *Wasendorf*, No. 04 C 1904, 2004 WL 2872763, at *3 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), and the "defendants should reasonably anticipate being haled into court" in the forum state. *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Personal jurisdiction can be categorized as either: (1) general jurisdiction or (2) specific jurisdiction. "A defendant is subject to general jurisdiction in Illinois when the defendant is domiciled in Illinois or where the defendant has continuous and systematic general business contacts with the forum." *Budget Rent a Car Corp.*, No. 03 C 930, 2003 WL 21673932, at *2 n.5 (internal citations omitted). "Specific jurisdiction exists when 'the defendant has a lessor degree of contact with the state [than in a general jurisdiction case], but the litigation arises out of or is related to those contacts.'" *Wasendorf*, No. 04 C 1904, 2004 WL 2872763, at *3 (citing *Logan Prod. v. Optibase*, 103 F.3d 49, 52 (7th Cir. 1996)).

This court has both general and specific personal jurisdiction over New Holland. China Industries has provided sufficient information to make a *prima facie* showing that New Holland has been doing business in Illinois on a continuing and systematic basis with two other companies, Flexi-Van Leasing, Inc. and Bay Area Technical Services since the early 1990s. These general contacts include continual shipments of tires to these two Illinois companies during this time period. This court also finds that specific jurisdiction exists in this case as New Holland has purposefully availed itself of the privilege of doing business in Illinois through its contacts with China Industries in this case. It reached out to China Industries while China Industries was located in Illinois through the negotiation of the contract and the payment of 13

invoices paid over a one year period. New Holland also contacted China Industries in Illinois when there were disputes over defects in the tire shipments. The court recognizes that the tires that are the subject of this contract never entered Illinois as they were manufactured and shipped to other jurisdictions. However, New Holland's purposeful entered into Illinois to negotiate and maintain the contract and therefore New Holland cannot be surprised when China Industries wishes to bring New Holland into an Illinois court when disputes arise over the contract.

C.  Venue

Building on its personal jurisdiction argument, New Holland argues that venue is not proper in the Northern District of Illinois. However, New Holland is incorrect in its position as a substantial portion of the events or omissions giving rise to the claim occurred in the Northern District of Illinois. This is a breach of contract case and the negotiation of the contract and the alleged breaches of the contract, through the alleged failure to pay, occurred in this district. This court must reject New Holland's argument for dismissal or transfer pursuant to 28 U.S.C. § 1406. This court, however, agrees with New Holland that this case should be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "To prevail on a motion to transfer under § 1404(a), the moving party must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Event News Network, Inc. v. Thill*, No. 05 C 2972, 2005 WL 2978711, at *3 (N.D. Ill. Nov. 2, 2005) (citing *Pasulka v. Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001); *TruServ. Corp. v. Neff*, 6 F.

Supp. 2d 790, 793 (N.D. Ill. 1998)). This case could be properly brought under 28 U.S.C. § 1391 in both this district and the United States District Court for the Eastern District of Pennsylvania as China Industries' and New Holland's participation in the contract also occurred in the Eastern District of Pennsylvania.

In determining the convenience of the parties and witnesses, the court considers: "(1) the plaintiff's choice of forum, (2) situs of material events, (3) relative ease of access to sources of proof in each forum, including the court's power to compel appearance of unwilling witnesses at trial, and (4) costs of obtaining attendance of witnesses." *Jurincie v. AG Trucking, Inc.*, No. 05 C 4585, 2005 WL 2663508, at *2 (N.D. Ill. Oct. 14, 2005) (citing *Medi USA, L.P. v. Jobst Institute, Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992)). The interests of justice is determined by considering "the speed in which the case will proceed to trial, the court's familiarity with the applicable law, and the public's interest in having the case resolved in a particular forum." *Avco Corp. v. Progressive Steel Treating, Inc.*, No. 05 C 4364, 2005 WL 2483379, at *4 (N.D. Ill. Oct. 6, 2005) (citing *Sanders v. Franklin*, 25 F. Supp. 2d 855, 859 (N.D. Ill. 1998)).

"Normally, the plaintiff's choice of forum is generally given substantial weight under § 1404(a), particularly when [the] plaintiff chooses its home forum." *Riddell, Inc. v. Monica*, No. 03 C 3309, 2003 WL 21799935, at *6 (N.D. Ill. July 25, 2003) (citing *Symons Corp. v. Southern Forming & Supply, Inc.*, 954 F. Supp. 184, 186 (N.D. Ill. 1997)). However, China Industries is no longer located in Illinois, instead has relocated to Utah, and therefore its choice of forum has lesser value. *See Andrade v. Chase Home Fin., L.L.C.*, No. 04 C 8229, 2005 WL 3436400, at *3 (N.D. Ill. Dec. 12, 2005). Although the events establishing personal jurisdiction and leading to the breach of contract occurred in Illinois, the present status of the case is that China Industries'

9

intervening movement to Utah resulted in its movement of its witnesses and evidence from Illinois to Utah. It appears to the court that the only person remaining in Illinois associated with China Industries in the present case is its lawyer. The evidence, witnesses and parties appear to be located primarily in Utah and Pennsylvania. Section 1404(a) only considers the interests of justice and convenience of the witnesses and parties in determining a motion for transfer of venue, the convenience of an attorney is not a factor. China Industries has not ask for a transfer to Utah and so this court, in weighing the appropriateness of the case proceeding in Illinois or Pennsylvania, decides that Pennsylvania is clearly a more appropriate forum for this case.

As a final matter, this court recognizes that the Pennsylvania court must apply Illinois law. United States District Judges across the country are familiar with the requirements of applying the law of states other than the states where the judges are located. This court is confident that the judge assigned to this case in the Eastern District of Pennsylvania, if required to interpret and apply Illinois law, will do an excellent job.

CONCLUSION

For the reasons set forth above, this court grants New Holland's motion of April 4, 2006 to strike affidavits filed by China Industries to the extent that the affidavit of Ryan Wang contains inadmissible hearsay. (Dkt. No. 19). New Holland's motion of January 27, 2006 is denied to the extent that it sought to dismiss the complaint for lack of personal jurisdiction and improper venue but is granted as to New Holland's alternatively requested relief of transferring this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404. (Dkt. No. 8). The clerk of the court is requested to transfer this case to the Eastern District of Pennsylvania.

ENTER:

Date: August 7, 2006

JAMES F. HOLDERMAN
Chief Judge, United States District Judge

11